UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY I. BARNES and JEANNE A.
BARNES as husband and wife and
individually, and on behalf of all others
similarly situated,

        Plaintiffs,

vs.                                         CASE NO.: 3:15-cv-00426-MCR-CJK

VOLKSWAGEN GROUP OF AMERICA,
INC., and VOLKSWAGEN AG,

        Defendant.
_____/

**DEFENDANT, VOLKSWAGEN GROUP OF AMERICA, INC.'S
REPLY MEMORANDUM TO PLAINTIFFS' RESPONSE OPPOSITION TO MOTION
TO STAY PENDING JPML RESOLUTION**

The Defendant, VOLKSWAGEN GROUP OF AMERICA, INC. (hereafter "VWGoA"), hereby files this Reply Memorandum, pursuant to 7.1(C) (2) after this Court granted (DE-27) VWGoA's Uncontested Motion to File Reply Memorandum (DE 26).

The issue simply for this Court is whether it should Stay all proceedings pending the decision by the JPML, who is holding their hearing on December 3, 2015 in New Orleans to determine consolidation of what is now over 400 diesel emission cases filed, to be consolidated in an MDL in a transferee court.

The Court initially entered an Order staying this case (DE 16). Although the Court later vacated the stay (DE 17), not for substantive reasons but procedural ones to allow Plaintiffs to respond to VWGoA's Motion to Stay. Nevertheless, in its October 21, 2015 Order of Stay (DE-16) this Court was absolutely correct in determining, and fully knowing about, the "widely publicized environmental protection agency (EPA) Notice of Violation dated September 18,

2015, and found "it appropriate to stay these proceedings pending the JPML decision regarding transfer."(DE 16). Nothing has changed from this Court's correct ruling initially on October 21. In fact, as noted, the number of lawsuits in this massive, and presently unwielding field of lawsuits has grown by 1/3 in less than a month, cries out for a Stay by this Court. Unlike perhaps other cases, the *Barnes* case was only recently filed. The complaint was filed on September 29, 2015. (DE 01).

This is not a case that has any type of exigencies to require this Court not to enter a Stay, such as with an injured or dying plaintiff, no discovery pending, this Court having not entered any type of scheduling order, all of which makes these proceedings ripe for a Stay. As the Manual for Complex Litigation has stated:

> A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor or court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well. *Manual 4 Complex Litigation, § 22.35, at 371 (4th Ed., Fed.Jud. Ctr. 2004).*

In their opposition response to the motion to stay, (DE 20), these Plaintiffs presented this Court with no over-riding rationale not to enter a Stay, or not to re-enter the Stay this Court already had rendered (DE 16). Nearly the entire response in opposition to the motion to Stay was taken up with argument on the alleged merits of the lawsuit, and the request for a preservation order, something which is being dealt with separately by this Court. (DE 24). VWGoA filed its response to the issue of a preservation Order on November 6, 2015. (DE 28).

It was important, however, and a reason for this request for a reply memorandum (DE 26 is that Plaintiffs did not present any argument, facts or law in their responsive memorandum to this Defendant's Motion to Stay. (DE 13). We now know since the filing of the motion to stay, and even this Court's first filed Order to Stay, that Plaintiffs themselves no doubt are taking the

2

position that this case will be part of an MDL and the JPML will so order. These Plaintiffs are so confident of that, as has been filed with that Court already (DE 23), their own motion before the United States Judicial Panel on Multi-District Litigation, and whether this Court knew it or not, is actually asking for the JPML to transfer this Volkswagen "Clean" Diesel Liability Litigation, MDL Docket number 2672 to this particular Court. Whether that ever happens or not, the important thing is that Plaintiffs themselves have recognized that this case belongs in a transferee court under the rules of an MDL. In fact, they so request the transfer and consolidation or coordination pursuant to 28 USC §1407 in the Motion they filed with the JPML agreeing that this case needs to be coordinated and consolidated. (JPML DE 38, at 2). Thus, under these circumstances the Plaintiffs by their own actions have bolstered this Court's initial inclination, which it is submitted was correct, for the granting of a Stay pending what the JPML decides. There certainly will not be any prejudice to these Plaintiffs with a stay when they are themselves advocate the *Barnes* case for MDL consolidation and transfer. (JPML DE 38).

As this Court was advised earlier, these same Plaintiffs' lawyers in *Barnes*, had two (2) other cases, *Clyman* in the Southern District and *Sensenig* in the Middle District, Tampa Division before Judge Covington. The *Clyman* case was stayed and that Order has been filed with this Court (DE 21). More importantly, in *Sensenig,* the Plaintiffs' attorneys in that case filed the exact same, or nearly so, opposition memorandum to that motion to stay (MDFLA. DE-11) on October 23 as Plaintiffs had filed in this Court also. What then makes *Sensenig* arguably persuasive to this Court is that Judge Covington entered a four (4) page Order granting the Motion to Stay despite Plaintiffs' nearly exact opposition memorandum filed in *Sensenig* as they have done in the *Barnes* Court. It was not an unlimited stay that was granted, but one that is reasonable and practical. As Judge Covington stated:

3

While the Court acknowledges that Plaintiff opposes the motion to stay, this Court agrees with the relief sought by Defendant and in the interests of judicial economy, this Court stays and administratively closes this matter, including all case deadlines, pending the decision of the Judicial Panel on Multi-District Litigation. (DE 14) (Doc 14, at 2 (See *Chrysler International Corp. v Chemaly*, 280 F.3d at 1358, 1360 (11th Cir. 2002) (the District Court has broad discretion over the manner in which it manages the cases before it).

Thus, when the chips are lined up, this Court should be persuaded to re-enter its previous order of stay (DE 13) for the obvious reasons.

1. This case is in its Nascent stages and there will certainly no prejudice to the Plaintiffs, but will be prejudice to the Defendant as this is but one case of over 400 pending in the Court systems.

2. Plaintiffs themselves more than acknowledge that the *Barnes* case is ripe for transfer and consolidated into an MDL, and it has in fact asked the JPML to specifically do that with the *Barnes* case, even claiming that it should be sent back to the Northern District of Florida, Pensacola Division (DE 23). Whether that happens or not, the important thing is the Plaintiffs acknowledge that this case, *Barnes*, should proceed no further because of the nature of the litigation and the need to have consolidated proceedings transferred to one district court. That in and of itself are grounds enough for this Court to grant a Stay.

3. In the other cases that these same Plaintiffs' attorneys have filed, stays have been entered, particularly in the *Sensenig* case where they made the same arguments about transfer order(s) and under the guise of an opposition to stay motion to Judge Covington, who rejected Plaintiffs' arguments and entered a stay in her case.

4. There are no circumstances whatsoever compelling this Court to act as if none of the other cases exist and proceed normally as if the *Barnes* matter was the only "clean diesel" liability litigation in the country. The Plaintiffs have not presented the Court with any type of exigencies which would require or motivate or compel this Court to deny a stay and move forward with the *Barnes* litigation. There is absolutely no basis for that, and in fact any such decision like that would run counter to the purpose of the JPML, and ultimately the MDL, of which these Plaintiffs themselves recognize the *Barnes* case must be consolidated with the other similar some 400 odd cases that have been filed, nearly all in the Federal Court system.

WHEREFORE, VWGoA, would request that the Court re-enter an Order of stay as if previously had done on October 21, 2015.

Respectfully submitted,

/s/ *Larry M. Roth*
LARRY M. ROTH, ESQUIRE
Florida Bar No. 0208116
E-mail: lroth@rumberger.com
Secondary email:
docketingorlando@rumberger.com;
lrothsecy@rumberger.com
MICHAEL D. BEGEY, ESQUIRE
E-mail: mbegey@rumberger.com
Secondary email: mbegeysecy@rumberger.com
Florida Bar No. 0120928
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on November 10, 2015, on all counsel or parties of record on the Service List below.

/s/ *Larry M. Roth*
LARRY M. ROTH, ESQUIRE
Florida Bar No. 0208116
E-mail: lroth@rumberger.com
Secondary email:
docketingorlando@rumberger.com;
lrothsecy@rumberger.com
MICHAEL D. BEGEY, ESQUIRE
E-mail: mbegey@rumberger.com
Secondary email: mbegeysecy@rumberger.com
Florida Bar No. 0120928
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

Attorneys for Defendant,
VOLKSWAGEN GROUP of AMERICA, INC.

**SERVICE LIST**

Neil D. Overholtz, Lead Trial Counsel
noverholtz@awkolaw.com
pbarr@awkolaw.com
sgeisler@awkolaw.com
Bryan F. Aylstock
baylstock@awkolaw.com
Justin G. Witkin
jwitkin@awkolaw.com
Douglass A. Kreis
dkreis@awkolaw.com
Stephen H. Echsner
sechsner@awkolaw.com
E. Samuel Geisler
sgeisler@akolaw.com
AYLSTOCK WITKIN
  KREIS & OVERHOLTZ
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
Facsimile: (850) 916-7449
Attorneys for Plaintiffs